IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT FOR PRIVACY AND SURVEILLANCE ACCOUNTABILITY, INC., <br> 1101 Connecticut Ave. NW, Ste. 450 <br> Washington, DC 20036, <br><br>                 Plaintiff, <br>    v. <br><br> OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, <br> Washington, DC 20511, <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue, NW <br> Washington, DC 20530, <br><br> NATIONAL SECURITY AGENCY, <br> 9800 Savage Road <br> Fort Meade, MD 20755, <br><br> CENTRAL INTELLIGENCE AGENCY, <br> Washington, D.C. 20505, <br><br> UNITED STATES DEPARTMENT OF STATE, <br> 2201 C Street NW <br> Washington, DC 20520, <br><br> NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, <br> 8601 Adelphi Road, Room 3110 <br> College Park, MD 20740, <br><br>                 Defendants. | **COMPLAINT** <br><br> 1:21-cv-1217 |

**Introduction**

1. This Freedom of Information Act (FOIA) suit seeks records from Defendants the Office of the Director of National Intelligence, the United States Department of Justice, the National Security Agency, the Central Intelligence Agency, the United States Department of State, and the National Archives and Records Administration. *See* 5 U.S.C. § 552. These records and the information they contain are necessary to answer a question of national significance: Whether and how the U.S. intelligence community complies with the limitations Executive Order 13526 (EO 13526) imposes on classification decisions.

2. To answer this pressing question more fully, the Project for Privacy and Surveillance Accountability, Inc. ("PPSA"), the Plaintiff in this action, sent identical FOIA requests to each of the Defendants on September 28, 2020. But it has not received a substantive response from any of the agencies as required by law. PPSA brings suit to compel that response.

**Jurisdiction and Venue**

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. It may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*, and award costs and attorneys' fees pursuant to 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E).

4. Venue lies in this District under 5 U.S.C. § 552(a)(4)(B).

## Parties

5. Plaintiff PPSA is a Delaware non-profit corporation with its principal place of business in Washington, DC. As part of its mission, PPSA advocates for greater privacy and civil liberty protections from government surveillance, and seeks to hold such programs accountable to constitutional, statutory, and other legal limitations.

6. Defendant Office of the Director of National Intelligence (ODNI) is, as its name suggests, the office of the Director of National Intelligence. The Director is a cabinet-level position within the Executive Branch. The ODNI has possession, custody, and control of records to which Plaintiff seeks access.

7. Defendant the Department of Justice (DOJ) is a Department of the Executive Branch of the United States Government. The DOJ has possession, custody, and control of records to which Plaintiff seeks access. Additionally, the Federal Bureau of Investigation (FBI) is an agency within Defendant DOJ. The FBI has possession, custody, and control of records to which Plaintiff seeks access.

8. Defendant National Security Agency (NSA) is an agency within the Department of Defense within the Executive Branch. The NSA has possession, custody, and control of records to which Plaintiff seeks access.

9. Defendant Central Intelligence Agency (CIA) is an agency of the Executive Branch. The CIA has possession, custody, and control of records to which Plaintiff seeks access.

10. Defendant the Department of State (State Department) is a Department of the Executive Branch. The State Department has possession, custody, and control of records to which Plaintiff seeks access.

11. Defendant National Archives and Records Administration (NARA) is an agency within the Executive Branch. The NARA has possession, custody, and control of records to which Plaintiff seeks access.

## Facts

12. FOIA requires federal agencies, including Defendants, to "promptly" release agency records upon request to any member of the public. 5 U.S.C. § 552(a)(3); *see also* 5 U.S.C. § 552(f)(1) (definition of agency). If the records fall under a statutory exemption or are excluded from FOIA, the agency may deny the request. *See* 5 U.S.C. § 552(b)(1)-(9) (exemptions); *id.* § 552(c)(1)-(3) (exclusions).

13. Plaintiff's requests in this case concern records, in the Defendants' possession, showing the U.S intelligence community's compliance with Sections 1.7 and 1.8 of EO 13526.[1] Section 1.7 imposes certain prohibitions and limitations on the classification of national security information, including by prohibiting classification to "conceal violations of law, inefficiency, or administrative error," or to "prevent embarrassment to a person, organization, or agency." Exec. Order No. 13526 § 1.7. Section 1.8 requires agencies to "establish procedures under which authorized holders of information, including authorized holders outside the classifying agency,

---

[1] Exec. Order No. 13526, 75 Fed. Reg. 707 (Dec. 29, 2009).

are encouraged and expected to challenge the classification of information that they believe is improperly classified or unclassified." *Id.* at § 1.8.

14. Section 6.1(b) of EO 13526 defines an "Agency" to mean, among other things, both an "Executive agency" as defined by 5 U.S.C. 105 and "any other entity within the executive branch that comes into the possession of classified information." As executive branch members of the U.S. intelligence community, each of the DOJ, ODNI, NSA, CIA, and State Department is thus an "agency" under EO 13526. Moreover, EO 13526 expressly acknowledges that NARA also comes into possession of classified records. *See*, *e.g.*, Exec. Order No. 13526 § 3.4(b) (mentioning NARA's custody and treatment of classified records); *id.* at § 3.7 (creating a National Declassification Center within NARA). Hence, all Defendants are agencies within the meaning of EO 13526, and are thus governed by its provisions.

15. Section 1.3 of EO 13526 gives classification authority to agency heads and their delegatees. Exec. Order No. 13526 § 1.3. Further, Sections 1.7 and 1.8 of EO 13526 both govern the conduct of "agency head[s]" and "senior agency official[s]," including in the exercise of their classification authority and in the mandatory creation of procedures to challenge classification decisions. *Id.* at §§ 1.7, 1.8. It necessarily follows that each of the Defendant agencies, in their compliance with the legal limitations and mandates of Sections 1.7 and 1.8, must have in their possession agency records at least mentioning those two sections.

**Plaintiff's efforts to obtain records via FOIA**

16. Plaintiff has attempted to obtain records from each of the Defendants—and the Federal Bureau of Investigation, a part of Defendant Department of Justice—

via FOIA. As described more fully below, plaintiff sought from all Defendants any records mentioning either of Section 1.7 or Section 1.8 of EO 13526.

### Office of Director of National Intelligence

17. On September 28, 2020, Plaintiff sent a letter, attached to this complaint as Exhibit A, to the FOIA office of Defendant ODNI. The letter requested:

> **1. All agency records mentioning either EO 13526 § 1.7 or any subsection thereof; and**
>
> **2. All agency records mentioning either EO 13526 § 1.8 or any subsection thereof.**

The letter specified that the date range for responsive materials encompassed those either created, altered, sent, or received between December 29, 2009 and September 25, 2020.

18. By letter dated October 6, 2020 (Exhibit B), the ODNI advised Plaintiff that its FOIA request had been received on October 5, 2020.

19. Initially the ODNI told Plaintiff, by letter dated October 15, 2020 (Exhibit C), that it would not be able to conduct a search because Plaintiff's FOIA request (assigned tracking number DF-2021-00004) "d[id] not reasonably describe the records sought." Plaintiff responded by letter dated October 28, 2020 (Exhibit D), showing the ODNI's initial determination to be contrary to existing law. Consequently, on October 30, 2020, the ODNI sent Plaintiff's counsel an email (Exhibit E) confirming that the ODNI would "proceed with the request as currently worded."

20. As of the date of this complaint, the ODNI has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt

from production; (ii) notify Plaintiff of the scope of any responsive records the ODNI intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific adverse determinations.

21. Although more than thirty business days have passed since the ODNI received Plaintiff's FOIA request, the ODNI has not notified Plaintiff as to whether it will fully comply with that request. Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), Plaintiff has exhausted the applicable administrative remedies.

22. Plaintiff has a right of prompt access to the requested records under 5 U.S.C. § 552(a)(3)(A), but the ODNI has wrongfully withheld them.

### U.S. Department of Justice

23. On September 28, 2020, Plaintiff sent a letter, attached to this complaint as Exhibit F, to Defendant Department of Justice's FOIA office. The letter requested:

> **1. All agency records mentioning either EO 13526 § 1.7 or any subsection thereof; and**
>
> **2. All agency records mentioning either EO 13526 § 1.8 or any subsection thereof.**

The letter specified that the date range for responsive materials encompassed those either created, altered, sent, or received between December 29, 2009 and September 25, 2020.

24. By letter dated November 13, 2020 (Exhibit G), the DOJ advised Plaintiff that its FOIA request (assigned tracking number FOIA-2021-02502) had been received on October 13, 2020, would "require a search in and/or consultation with another Office," and would be "processed as soon as possible."

7

25. As of the date of this complaint, the DOJ has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records the DOJ intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific adverse determinations.

26. Although more than thirty business days have passed since the DOJ received Plaintiff's FOIA request, the DOJ has not notified Plaintiff as to whether it will fully comply with that request. Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), Plaintiff has exhausted the applicable administrative remedies.

27. Plaintiff has a right of prompt access to the requested records under 5 U.S.C. § 552(a)(3)(A), but the DOJ has wrongfully withheld them.

**National Security Agency**

28. On September 28, 2020, Plaintiff sent a letter, attached to this complaint as Exhibit H, to Defendant NSA's FOIA office. The letter requested:

**1. All agency records mentioning either EO 13526 § 1.7 or any subsection thereof; and**

**2. All agency records mentioning either EO 13526 § 1.8 or any subsection thereof.**

29. By letter dated October 8, 2020 (Exhibit I), the NSA advised Plaintiff that its FOIA request had been received on October 1, 2020 and assigned tracking number 110449.

30. As of the date of this complaint, the NSA has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records the NSA

intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific adverse determinations.

31. Although more than thirty business days have passed since the NSA received Plaintiff's FOIA request, the NSA has not notified Plaintiff as to whether it will fully comply with that request. Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), Plaintiff has exhausted the applicable administrative remedies.

32. Plaintiff has a right of prompt access to the requested records under 5 U.S.C. § 552(a)(3)(A), but the NSA has wrongfully withheld them.

**Federal Bureau of Investigation**

33. On September 28, 2020, Plaintiff sent a letter, attached to this complaint as Exhibit J, to the FBI's FOIA office. The letter requested:

> **1. All agency records mentioning either EO 13526 § 1.7 or any subsection thereof; and**
>
> **2. All agency records mentioning either EO 13526 § 1.8 or any subsection thereof.**

34. By two letters dated October 9, 2020, the FBI advised Plaintiff that its FOIA request (assigned tracking number NFP-124094) had been denied for insufficient detail. (Exhibit K).

35. Plaintiff timely appealed its request on January 5, 2021. (Exhibit L). By letter dated January 6, 2021, the DOJ Office of Information Policy (OIP) acknowledged receipt of that appeal (assigned tracking number A-2021-00728) on January 5, 2021. (Exhibit M). By letter dated April 2, 2021 (Exhibit N)—more than twenty business days after receipt of PPSA's appeal—the OIP denied the appeal. Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), Plaintiff has

9

exhausted the applicable administrative remedies. *See Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 59 (D.C. Cir. 1987) (agency's failure to respond to administrative appeal within statutory deadline resulted in constructive exhaustion at that time, despite subsequent disposition of that appeal).

36. As of the date of this complaint, the FBI has failed to produce the requested records or demonstrate, on appeal, that the requested records are lawfully exempt from production.

37. Plaintiff has a right of prompt access to the requested records under 5 U.S.C. § 552(a)(3)(A), but the FBI has wrongfully withheld them.

**Central Intelligence Agency**

38. On September 28, 2020, Plaintiff sent a letter, attached to this complaint as Exhibit O, to Defendant CIA's FOIA office. The letter requested:

**1. All agency records mentioning either EO 13526 § 1.7 or any subsection thereof; and**

**2. All agency records mentioning either EO 13526 § 1.8 or any subsection thereof.**

39. By letter dated November 17, 2020 (Exhibit P), the CIA advised Plaintiff that its FOIA request (assigned tracking number F-2020-02333) had been received on September 30, 2020, but that the CIA's "record systems [we]re not configured in a way that would allow [the CIA] to perform a search reasonably calculated to lead to responsive records without an unreasonable effort." However, the CIA letter proposed modifying PPSA's original request to perform a closely related search for "records on or about EO 13526, sections 1.7 or 1.8." By letter dated December 15, 2020 (Exhibit Q), PPSA agreed to that modified search.

10

40. As of the date of this complaint, the CIA has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records the CIA intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that he may appeal any adequately specific adverse determinations.

41. Although more than thirty business days have passed since the CIA received both Plaintiff's original FOIA request and Plaintiff"'s agreement to the CIA's proposed modified search, the CIA has not notified Plaintiff as to whether it will fully comply with that request. Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), Plaintiff has exhausted the applicable administrative remedies.

42. Plaintiff has a right of prompt access to the requested records under 5 U.S.C. § 552(a)(3)(A), but the CIA has wrongfully withheld them.

### U.S. Department of State

43. On September 28, 2020, Plaintiff sent a letter, attached to this complaint as Exhibit R, to Defendant State Department's FOIA office. The letter requested:

> **1. All agency records mentioning either EO 13526 § 1.7 or any subsection thereof; and**
>
> **2. All agency records mentioning either EO 13526 § 1.8 or any subsection thereof.**

44. By letter dated October 14, 2020, the State Department advised Plaintiff that its FOIA request (assigned tracking number F-2021-00196) had been denied, claiming that the request did not reasonably describe the records sought. (Exhibit S).

11

45. Plaintiff timely appealed its request on January 7, 2021. (Exhibit T). By letter dated February 25, 2021, the State Department acknowledged receipt of that appeal (assigned tracking number A-2021-00182). (Exhibit U). By letter dated March 2, 2021 (Exhibit V)—more than twenty business days after receipt of PPSA's appeal—the State Department denied the appeal. Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), Plaintiff has exhausted the applicable administrative remedies. *See Spannaus*, 824 F.2d at 59 (failure to respond to administrative appeal within statutory deadline resulted in constructive exhaustion at that time).

46. As of the date of this complaint, the State Department has failed to produce the requested records or demonstrate, on appeal, that the requested records are lawfully exempt from production.

47. Plaintiff has a right of prompt access to the requested records under 5 U.S.C. § 552(a)(3)(A), but the State Department has wrongfully withheld them.

### National Archives and Records Administration

48. On September 28, 2020, Plaintiff sent a letter, attached to this complaint as Exhibit W, to Defendant NARA's FOIA office. The letter requested:

**1. All agency records mentioning either EO 13526 § 1.7 or any subsection thereof; and**

**2. All agency records mentioning either EO 13526 § 1.8 or any subsection thereof.**

49. By letter dated October 6, 2020 (Exhibit X), the NARA advised Plaintiff that its FOIA request had been received on October 2, 2020 and assigned the following tracking numbers: NGC21-003 (internal), and NARA-NGC-2021-000007 (online).

50. As of the date of this complaint, the NARA has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records the NARA intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific adverse determinations.

51. Although more than thirty business days have passed since the NARA received Plaintiff's FOIA request, the NARA has not notified Plaintiff as to whether it will fully comply with that request. Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), Plaintiff has exhausted the applicable administrative remedies.

52. Plaintiff has a right of prompt access to the requested records under 5 U.S.C. § 552(a)(3)(A), but the NARA has wrongfully withheld them.

## Count One: Freedom of Information Act

## Defendants are required to disclose all non-exempt records responsive to Plaintiff's Freedom of Information Act requests

53. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint.

54. FOIA's administrative exhaustion requirement required Defendants to determine whether to comply with Plaintiff's requests within the time limits set by FOIA—namely, within twenty business days or, in "unusual circumstances," within thirty business days. 5 U.S.C. § 552(a)(6)(A)–(B). Accordingly, the following Defendants' determinations were due, at the latest, on: November 16, 2020 (NSA); November 17, 2020 (NARA); November 18, 2020 (ODNI); and November 25, 2020 (DOJ). Counting from the date it received Plaintiff's original request, the CIA's determination was due, at the latest, on November 13, 2020; however, even counting from December 15, 2020, the date Plaintiff agreed to the CIA's proposed modified search, the CIA's determination was still due, at the latest, on or about February 2, 2021.

55. At a minimum, Defendants were obligated to: (i) gather and review the requested records; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendants intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific adverse determinations. See, e.g., *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

56. With respect to the Plaintiffs' FOIA requests noted above, Defendants did not perform any of the required activities by the applicable statutory deadlines.

57. With respect to the two administrative appeals, the OIP and State Department both failed to evaluate Plaintiff's appeals within twenty business days. Although the OIP ultimately denied Plaintiff's FBI appeal on April 2, 2021, its response was due on approximately February 4, resulting in the constructive exhaustion of Plaintiff's administrative remedies at that time. Likewise, although the State Department denied Plaintiff's appeal on March 2, 2021, its response was due on approximately February 8, resulting in constructive exhaustion at that time. *See Spannaus*, 824 F.2d at 59 (failure to respond to administrative appeal within statutory deadline resulted in constructive exhaustion at that time).

58. Consequently, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(A), (C)(i), (ii).

59. Defendants' failure to release responsive non-exempt records violates FOIA, 5 U.S.C. § 522(a)(3)(A), as well as the regulations implementing FOIA.

60. Plaintiff is entitled to receive all responsive non-exempt records from Defendants forthwith.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

A. Order Defendants to conduct searches immediately for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of responsive records.

B. Order Defendants to produce, by dates certain, any and all non-exempt records responsive to Plaintiff's FOIA requests, and *Vaughn* indices of any responsive records withheld under claim of exemption;

C. Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

D. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant Plaintiff such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Gene C. Schaerr

GENE C. SCHAERR (D.C. Bar No. 416638)
   *Counsel of Record*
SCOTT GOODWIN*
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 787-1060
gschaerr@schaerr-jaffe.com
*Counsel for Plaintiff PPSA, Inc.*

*Application pending for admission to the D.C. Bar. Practicing under the supervision of D.C. bar members pursuant to Rule 49(c)(8).